MELCER NEWMAN PLLC
Jeffrey B. Melcer (JM 5513)
39 Broadway, 22nd Floor
New York, New York 10006
(212) 980-8470

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.: 13 CV 4451 (VB)
JOSE FONSECA,
                       Plaintiff,

   -against-                                    PLAINTIFF'S FIRST
                                                     DEMAND FOR DOCUMENTS
THE CITY OF MOUNT VERNON and,               AND THINGS
THE MOUNT VERNON POLICE DEPARTMENT

                       Defendants.
-------------------------------------------------------------------X

**COUNSELORS:**

       Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff JOSE FONSECA, demands that defendants THE CITY OF MOUNT VERNON and THE MOUNT VERNON POLICE DEPARTMENT produce either full and complete copies, subject to that below, or originals of the following documents for inspection and copying at MELCER NEWMAN PLLC, 39 Broadway, 22nd Floor, New York, New York, 10006 within thirty (30) days of this request:

**DEFINITIONS AND INSTRUCTIONS**

A.     As used herein, the terms "document", "documents" or "writings" mean, without limitation, any kind of written, typewritten, printed, handwritten, magnetically or electronically recorded, produced, or reproduced material of any kind containing any information in any form whatsoever, including but not limited to drafts or copies with notations or marks not found in the original, whether sent or received, including but not limited to correspondence, memoranda, notes, reports, documents, diaries, summaries, work papers, record books, statements, invoices, ledgers, receipts,

checks, check stubs, check registers, confirmations, bank drafts, telexes, telegrams, facsimiles, printouts, data processing cards, recordings, transcriptions, tapes, drawings, sketches, blueprints, schematics, plans, analyses, surveys, studies, specifications and data compilations from which information can be obtained or translated, if necessary, through detection or recording devices, into reasonably usable form which you have any knowledge or information, whether in your possession or under your control relating to or in any way pertaining to the subject matter as stated in the complaint and the answer in this case, and including but not limited to originals and all copies no matter how or by whom prepared and all drafts prepared in connection with such writings or documents whether used or not.  If several copies of a document have been made that are not identical by reason of subsequent notations or markings, redactions other modifications (including without limitation notations or modifications on the back of pages thereof) such shall be a separate writing or document to be produced.

B.  The term "communications" means any contacts, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was obtained, transmitted, recorded, stored or transferred.

C.  The term "person" means and includes natural persons, corporations, partnerships, associations and any other type of entity and agents, servants, employees and representatives thereof.

D.  "You or Your" shall refer to defendant(s) and shall include, but is not limited to, yourself, anyone acting on your behalf, your officers, directors, agents employees, representatives or investigators whether they be hired or appointed by you, your attorneys or their representatives.

E.  You shall produce documents in their original file folders or identify the file from which the document came.  You shall organize and label documents to correspond with the specific requests.

F.  In the event that you claim any document called for is privileged or otherwise excluded from production, you shall set forth the basis of the privilege or other grounds for exclusion and shall identify such document and furnish appropriate information concerning the document, including, but not limited to, its subject matter, date, number of pages, author, sender, addresses, the identity of each person or entity to whom copies were furnished or who had access to the original or any copy, its present custodian and the file in which it has been stored.

G.  In the event that a document requested herein has been destroyed, you shall identify its subject matter, date, number of pages, author, sender, addresses, the identity of each person or entity to whom copies were furnished or who had access to the original or any copy, the date of its destruction, the manner of its destruction, the name, title, and address of the person authorizing its destruction, the name, title and address of the person destroying the document, and a description of efforts to locate the document and copies of it.

H.  If a document was but is no longer in your possession or subject to your control, state in detail what happened to it, where it is now and identify its current custodian.

I.  This Notice of Discovery and Inspection shall be deemed to be a continuing demand during the pendency of this action. If at any time after service of the responses hereto and prior to trial of this action, you obtain additional documents or things responsive to these requests, you shall promptly supplement or amend their responses.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.  Documents sufficient to identify all officers that responded to the scene of the incident alleged in the complaint, including but not limited to, the male and female officers who initially accosted/encountered/arrested plaintiff on the night in question.

2. All documents concerning plaintiff's arrest, including but not limited to officers memo book notes, arrest reports, complaint reports, complaint follow up reports, booking sheets, indictments and all other documents generated by defendants, their agents, servants and/or employees in connection with plaintiff's arrest.

3. All documents concerning disciplinary action against and/or complaints ever made against the male officer who was physically involved in plaintiff's arrest.

4. All documents concerning disciplinary action against and/or complaints ever made against the female officer who was either first at the scene and/or physically involved in plaintiff's arrest.

5. All statements, whether recorded or unrecorded, given by or on behalf of plaintiff serving this demand, in connection with his arrest and/or prosecution.

6. All recordings of all radio or other communications between the male and female arresting officers and their superiors/precinct/dispatcher regarding plaintiff's arrest and all such recordings made prior to plaintiff's arrest but during said officers shift on the date in question.

7. All documents concerning:

    (A) wrongful acts of defendants as alleged in the complaint herein;
    (B) any wrongful act, error or admission allegedly committed or omitted by:

        (a) plaintiff;
        (b) defendant;
        (c) any person or party not named in this action.

If you are unaware of such documents at this time, please provide a statement to this effect.

8. Documents sufficient to identify or a statement of the names and addresses of all witnesses that may have knowledge of:

4

    (A)    wrongful acts of defendants as alleged in the complaint herein;

    (B)    any wrongful act, error or admission allegedly committed or omitted by:

        (a)    plaintiff;
        (b)    defendant;
        (c)    any person or party not named in this action.

If you are unaware of such witnesses at this time, please provide a statement to this effect.

9. All documents concerning the name and address of each and every person you expect to call as a expert witness at the trial of this action in reasonable detail, the subject matter of which expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify; the qualifications of each expert, and, a summary of the grounds for each expert's opinion.

10. All photographs, videotapes, motion pictures, drawings, slides or other visual materials which you intend to use at trial.

11. All correspondence between you and plaintiff.

12. All documents you shall rely upon to prove a bar to plaintiff's claims due to the affirmative defenses pled herein. If no such documents exist, please so state in your response.

Dated:    New York, New York
            October 15, 2013

            Yours, etc.,
            MELCER NEWMAN PLLC
            Attorneys for Plaintiff
            39 Broadway, 22nd Floor
            New York, New York 10006
            (212) 980-8470

            By:  Electronically Signed
                 Jeffrey B. Melcer (JM 5513)

TO:     OFFICE OF THE CORPORATION COUNSEL
        Attorneys for Defendants
        One Roosevelt Square
        Mount Vernon, New York 10550